# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL TERRY, #A-60509, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 10-cv-722-JPG ) |
| DR. OBADINA, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This action is before the Court on the matter of the unpaid filing fee for this action. Plaintiff is a prisoner in the custody of the Illinois Department of Corrections. On February 16, 2011, the Court denied Plaintiff's motion for leave to proceed in forma pauperis (IFP) without full prepayment of the Court's usual $350 filing fee for a civil action. *See* 28 U.S.C. §1914(a). The Court found that three actions brought by Plaintiff while incarcerated have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Terry v. Ding*, 10-2214-MPM (C.D. Ill. Oct. 4, 2010)(order dismissing action for failure to state a claim upon which relief may be granted); *Terry v. Ding*. 10-2026-MPM (C.D. Ill. Mar. 3, 2010(order dismissing action for failure to state a claim upon which relief may be granted); *Terry v. Walker*, 08-1298-HAB (C.D. Ill. June 3, 2009)(order dismissing action for failure to state a claim upon which relief may be granted). Because Plaintiff has three "strikes," he may not proceed IFP in federal court unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Taylor v. Watkins*, 623

1

F.3d 483, 484 (7th Cir. 2010). Because the Court found that Plaintiff is not under imminent danger of serious physical injury, the Court ordered Plaintiff to pay the full $350 filing fee for this action not later than March 4, 2011. When Plaintiff failed to pay the filing fee as ordered, the Court dismissed this action on March 8, 2011.

Under 28 U.S.C. § 1915, Plaintiff incurred the obligation to pay the filing fee for this action in full when the action was filed, and this obligation continues regardless of later developments in this action, such as the Court's denial of Plaintiff's request for leave to proceed IFP and the dismissal of the action. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). The Court in *Support Systems International, Inc. v. Mack* 45 F.3d 185 (7th Cir. 1995) stated that where a prisoner, who is ineligible to continue litigating under § 1915(g), continues to file suits without paying the necessary filing fees, the Clerk of Court is to return the suits to the prisoner unfiled, until the prisoner pays in full his accumulated filing fees. *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008)("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid."); *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989)("Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees- indeed, are not entitled to sue and appeal, period.")

Consistent with the guidance of the Seventh Circuit, Plaintiff is hereby **ORDERED TO SHOW CAUSE** not later than 35 days from the date of this Order why the Court should not bar Plaintiff from filing any further papers in this Court until such time as Plaintiff pays the $350 filing fee for this action in full. Should Plaintiff tender the full $350 filing fee to the Clerk of Court within 35

days from the date of this Order, Plaintiff's duty to show cause shall be discharged.

**IT IS SO ORDERED.**

**DATED: March 10, 2011**

*s/J. Phil Gilbert*
**United States District Judge**